Case 4:23-cv-03109   Document 49   Filed on 07/29/25 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
July 29, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| RTREE LOGISTICS, LLC, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:23-cv-03109 |
| § | |
| NEELY COBLE CO. *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before me in this removed civil action are two motions for summary judgment. One is filed by Defendant Freightliner of Arizona, LLC d/b/a Neely Coble Company and d/b/a Velocity Truck Centers ("Velocity"). *See* Dkt. 31. The other is filed by Defendant Daimler Truck North America, LLC ("DTNA"). *See* Dkt. 29. Having reviewed the briefing, the record, and the applicable law, I recommend that both motions for summary judgment be granted.

## BACKGROUND

Plaintiff Rtree Logistics, LLC ("Rtree") transports goods intrastate. In October 2022, Rtree purchased a used 2018 Freightliner Cascadia 125 (the "Truck") from Velocity. DTNA manufactured the Truck.

The Truck purchase included a Buyer's Assurance Limited Warranty for 60 days and a Used Truck Limited Warranty for a period of 24-months/200,000-miles. Shortly after purchasing the Truck, Rtree purchased two additional warranties: (1) a Used Truck Select Extra Limited Warranty for a period of 24-months/200,000-miles and (2) a Used Truck After-Treatment System Limited Warranty for a period of 12-months/100,000-miles. All four warranties (collectively, the "Limited Warranties") obligate DTNA to cover various repairs to the Truck.

Rtree alleges it "took the delivery of the [Truck], but it broke down within initial few days of the purchase and several times thereafter," resulting in "tens of thousands of dollars in repair bills." Dkt. 19 at 3–4. Rtree maintains that its "demands for warranty [were] denied or refused or ignored." *Id.* at 5.

Rtree brings various causes of action against Velocity and DTNA: (1) specific performance, (2) breach of written express warranty, (3) promissory estoppel, (4) breach of implied warranty of merchantability, (5) breach of implied warranty of fitness for a particular purpose, and (6) fraud.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, "the nonmoving party must come forward with evidence to support the essential elements of its claim on which it bears the burden of proof at trial." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994). The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007) (quotation omitted). At the summary judgment phase, I construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020).

## EVIDENTIARY OBJECTIONS

As a preliminary matter, I must address the evidentiary objections lodged by both parties against the summary judgment evidence.

A.  **RTREE'S OBJECTIONS TO DTNA'S SUMMARY JUDGMENT EVIDENCE**

Rtree complains that the declaration of DTNA's Darrin Kanouse should be stricken because statements in the declaration (1) are not based on personal knowledge; (2) contain hearsay; and (3) contain legal conclusions. Rtree also objects to Exhibits A-1 through A-8 attached to Kanouse's declaration on the ground that Kanouse fails to allege that he is a custodian of records, and that he fails to establish that the documents were "produced and kept or entered at or near the time the events are generated." Dkt. 39 at 6. I will address each objection in turn. All are overruled.

1. ***The Kanouse Declaration Is Based on Personal Knowledge***

Rtree first complains that Kanouse lacks personal knowledge to execute the declaration. A "declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[A]n affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns." *Carson v. Perry*, No. 95-40551, 1996 WL 400122, at *1 (5th Cir. June 6, 1996); *see also F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254–55 n.12 (5th Cir. 1992) (the district court did not err in considering an affidavit from an employee, who stated that his personal knowledge was based on his review of his employer's business records), *cert. denied*, 507 U.S. 1051 (1993).

In his declaration, Kanouse describes all the reasons that he believes various repairs made to the Truck are not covered under the Limited Warranties. Kanouse has been employed by DTNA since July 2018 "as the Warranty and Dealer Support Manager for DTNA's Daimler Truck Remarketing, which is a division of DTNA that distributes used commercial trucks to DTNA's authorized retail dealerships." Dkt. 30-1 at 2. He also explains:

> Through my current role and experience as the Warranty and Dealer Support Manager, through my review and personal investigation of Plaintiff Rtree Logistics, LLC's allegations in this lawsuit, through my personal review of DTNA's warranty and repair records, and through my personal review of the records that Plaintiff Rtree Logistics, LLC (hereinafter "Plaintiff") has produced in this lawsuit, I have personal knowledge of the facts set forth in this declaration, and I have personally confirmed the facts to be true and correct.

*Id.* at 3. These averments demonstrate that the Kanouse declaration is based on personal knowledge. As such, Kanouse is competent to testify to the matters stated in his declaration.

### 2. *The Kanouse Declaration Does Not Contain Hearsay*

Next, Rtree complains that "Kanouse's statements are all hearsay as he has no knowledge of any transaction with [Rtree] and all of his statements were based on documents provided to him by DTNA's attorney." Dkt. 39 at 7. Hearsay is an out of court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). None of the statements in Kanouse's declaration are hearsay. As noted, there is nothing improper with Kanouse offering a declaration that is based on his position with DTNA and a review of DTNA's business records. *See Rummans v. HSBC Bank USA Nat'l Ass'n as Tr. for MASTR Reperforming Loan Tr. 2005-2*, No. 3:22-cv-02046, 2024 WL 495955, at *2–3 (N.D. Tex. Jan. 23, 2024).

### 3. *The Kanouse Declaration Does Not Contain Legal Conclusions*

Rtree also contends that Kanouse's statement in his declaration that certain repairs are not covered under the terms of the Limited Warranties is an impermissible legal conclusion. Not so. Kanouse's statement is not offered as a legal conclusion. He is simply providing the factual reasons why he believes that certain repairs would not have been covered under the terms of the Limited Warranties.[1]

---

[1] Rtree also argues that Kanouse's statement that diesel particulate filters are not covered under the terms of the Limited Warranties is contradicted by the Limited Warranties

4

### *4.    Exhibits A-1 through A-8 Are Competent Summary Judgment Evidence*

Exhibits A-1 through A-6 are the Limited Warranties at issue in this case. Exhibits A-7 and A-8 are confirmations of DTNA's payment of certain warranty claims. Rtree argues that I should strike Exhibits A-1 through A-8, which are attached to Kanouse's declaration, for two reasons: (1) Kanouse is not a custodian of records; and (2) Kanouse fails to allege that the attached documents were "produced and kept or entered at or near the time the events are generated." Dkt. 39 at 6. These objections are baseless.

To start, no matter how I rule on Rtree's objections to Exhibits A-1 through A-8, the disputed documents will remain part of the summary judgment record. Rtree has submitted its own copies of Exhibits A-1 through A-6 in opposition to the summary judgment motions. *See* Dkts. 39-1 at 2–5; 39-3 at 2–5. Rtree also did not object when Velocity submitted Exhibits A-7 and A-8 in support of its summary judgment motion. *See* Dkt. 32-11 at 2–3; Dkt. 32-5 at 2–3.

I will now turn to the merits of Rtree's objections. Business records kept in the ordinary course of business and made at or near the time by, or from information provided by, a person with knowledge are admissible, if they are verified by a custodian of records or another qualified witness. *See* Fed. R. Evid. 803(6). Rtree contends that I should strike Exhibits A-1 through A-8 because Kanouse fails to state in his declaration that he is a custodian of records. The problem with this argument is that Kanouse need not be a custodian of records to authenticate documents. Any "qualified witness" can introduce business records. Fed. R. Evid. 803(6)(D). As DTNA's Warranty and Dealer Support Manager, Kanouse is familiar with the company's documents concerning the limited warranties at issue in this case. He is thus qualified under Rule 803(6) to

---

themselves. Fair point. In a supplemental declaration, Kanouse acknowledges the "unintentional error" in his initial declaration, corrects the mistake, and explains why that original mistake does not alter his view that DTNA fully complied with the terms of the Limited Warranties. Dkt. 45-1 at 4.

5

authenticate records. *See Copperas Cove Econ. Dev. Corp. v. Great Am. Ins. Co. of N.Y.*, No. 6:17-cv-00160, 2018 WL 7283281, at *2 (W.D. Tex. Dec. 12, 2018) (finding that an employee who is familiar with a company's records is "another qualified witness" under Rule 803(6)). To erase any concern, DTNA has submitted a supplemental declaration in which Kanouse states that he is, in fact, "a custodian of records" for Exhibits A-1 through A-8. Dkt. 45-1 at 5.

Next, Rtree contends that Kanouse's declaration failed to use the magic language contained in Rule 803(6) to prove up Exhibits A-1 through A-8. This argument elevates form over substance. Kanouse declares that he is attaching "true, accurate, and correct copies of" Exhibits A-1 through A-8, which are "stored in the files that DTNA maintains in its regular course of business." Dkt. 30-1 at 9. This language satisfies the requirements of Rule 803(6). *See Bryant v. N. Bank Towing Corp.*, No. 05-3077, 2006 WL 8456221, at *4 (E.D. La. Nov. 9, 2006) (finding that an affidavit providing that personnel records are "true, correct, and complete" and "kept in the regular course of business" satisfies Rule 803(6) (quotation omitted)). To ensure technical compliance with Rule 803(6), Kanouse has submitted a supplemental declaration that tracks *verbatim* the language in Rule 803(6). *See* Dkt. 45-1 at 5–6.

**B. DEFENDANTS' JOINT OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE (DKT. 43)**

Defendants have filed a Joint Motion to Strike, Exclude, and Objections to Plaintiff's Summary Judgment Evidence ("Joint Motion"). *See* Dkt. 43. Defendants object to various summary judgment evidence submitted by Rtree in connection with its summary judgment responses. Rtree has not responded to the Joint Motion. Under the local rules, Rtree's failure to respond is taken as a representation of no opposition. *See* S.D. Tex. LR 7.4. Accordingly, I will grant the motion and strike the following summary judgment evidence offered by Rtree:

- These statements from the Affidavit of Kevin Roundtree (Dkt. 40-27; Dkt. 41):

- o "Velocity represented that it was not only the dealer, but that it was the owner of the truck."
- o "I was never told that I had to bring the Truck into an approved repair shop for repairs."
- o "I found out about . . . the odometer discrepancy only after I made the purchase of the Truck."
- o "I was looking at another truck at the time, and [Velocity's sales representative] represented to me that [the] Truck was in better, excellent condition and that he would drop the price to encourage me to make the purchase."
- o "I found out later that the mileage was 488,600 on August 18, 2022, mere[ly] two months before I purchase[d] the Truck."
- o "So, Velocity had the knowledge of the mileage discrepancy and they kept it hidden from me."
- o "I certify that . . . [DTNA] did not pay for any of the repairs to the Truck. If it did, I am not aware of it, and I have never seen any evidence of payment."
- o "[DTNA] simply ignored my requests and the requests of the repair shops and I had to pay for all the repairs."
- o "I certify that I contacted [Velocity's sales representative] . . . every time when my truck broke down."

- These documents:
  - o Dkt. 39-21 at 1; Dkt. 39-22; Dkt. 39-23; Dkt. 40-22 at 1; Dkt. 40-23 at 5; Dkt. 40-24; Dkt. 40-25.

- These statements from the Affidavit of Kristopher Ahn (Dkt. 39-24; Dkt. 40-26):
  - o "I directed my paralegal Beatriz Vargas to prepare the ["Notice to Honor Warranty"] letters to be sent out to each of the addresses [of the Defendants]."
  - o "I also directed Ms. Vargas to email a copy of the letter to [Velocity's sales representative] to DMABE@VVGTRUCK.COM."
  - o "Ms. Vargas then confirmed that it was done."
  - o "I do not remember any of the letters being returned undelivered."

C.   **DTNA'S OBJECTIONS TO RTREE'S SUMMARY JUDGMENT EVIDENCE**

In addition to the objections in Defendants' Joint Motion, DTNA asserts four additional objections to Roundtree's affidavit. Three of those objections are valid

7

and thus sustained. The following statements from Roundtree's affidavit (Dkt. 40-27; Dkt. 41) are stricken because they are hearsay and/or sham statements that contradict Roudtree's previous deposition testimony:

- "I certify that each time[] I took the Truck to be repaired, I showed the shop several warranty agreements that I purchased, described above, and asked them to contact the warranty company and claim payments."
- "Each time, the repair shop stated that the warranty was not honored and demanded payment from me."
- "The warranties I purchased was [sic] never honored after repeated request to do so. They simply ignored my requests and the requests of the repair shops."

## ANALYSIS

I will now address each of Rtree's claims.

### A.   BREACH OF WRITTEN EXPRESS WARRANTY

Rtree has asserted breach of express warranty claims against DTNA and Velocity. Under Texas law, a claim for breach of express warranty has the following elements: (1) an express representation by the seller relating to the goods or services; (2) the representation became a part of the basis of the bargain; (3) the plaintiff relied upon the representation; (4) the goods or services failed to comply with the representation (breach); (5) the plaintiff was injured as a result of the breach; (6) the breach was the proximate cause of the plaintiff's injury; and (7) for a breach of warranty for services, that the plaintiff notified the seller of the breach. *See Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.) (express warranty of services); *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 681 (Tex. App.—Austin 2002, no pet.) (express warranty of goods). Because Rtree's express warranty claims against DTNA and Velocity are fundamentally different, I will examine them separately.

#### 1.   *DTNA*

Rtree's express warranty claim against DTNA is based on the Limited Warranties that DTNA provided. Rtree claims that it "sought to have" DTNA make

good on those Limited Warranties after the Truck experienced a myriad of problems, but DTNA breached the Limited Warranties by failing to repair the Truck. Dkt. 19 at 4. DTNA takes issue with those allegations, offering Kanouse's declaration. Kanouse states that DTNA never denied "any warranty claim during [Rtree]'s ownership of the [Truck]." Dkt. 30-1 at 5. Kanouse also explains that DTNA "received a total of two warranty claims from authorized warranty-repair facilities during [Rtree]'s ownership of the [Truck], and DTNA fully paid both warranty claims in full compliance with the terms and provisions of the limited warranties." *Id.*

In discovery, Rtree produced documents related to seven other repairs performed on the Truck. Kanouse reviewed the repair documents for those seven repairs and confirmed that none of those repairs are covered under the terms of DTNA's Limited Warranties. *See id.* In his declaration, Kanouse goes to great lengths to explain why the specific components involved in each of the seven repairs are not covered by the Limited Warranties. *See id.* at 5–7.

Rtree failed to respond to DTNA's argument that the Limited Warranties do not cover the seven repairs made to the Truck. This is not surprising given that Kevin Roundtree, the sole owner of Rtree, admitted at his deposition that he "didn't look at the warranty," Dkt. 30-17 at 30, and cannot opine on whether DTNA's Limited Warranties cover the repairs made to the Truck. *See id.* at 19–20, 22–25. To the extent Rtree now claims that there were additional problems with the Truck that needed repair, Rtree has not introduced any competent summary judgment evidence to indicate those repairs are covered by the Limited Warranties.

Because Rtree offers no evidence to raise a genuine issue of material fact that DTNA breached the Limited Warranties, DTNA is entitled to summary judgment on this claim.

### 2. *Velocity*

Rtree concedes that the Limited Warranties do not impose any repair obligations on Velocity. *See* Dkt. 40 at 4. Rtree bases its express warranty claim

9

against Velocity on a series of alleged promises Velocity made in connection with the sale of the Truck. Even assuming, for the sake of argument, that Velocity made the alleged warranties, Rtree offers no evidence indicating Velocity breached those warranties. This will become crystal clear as I walk through each of the alleged express warranties.

First, Rtree says it "had requested and received appraisal of the vehicle to completely check the vehicle outside and inside before confirming the negotiation on the price." *Id.* at 5. Rtree does not explain how Velocity breached this promise. If Rtree is claiming that Velocity promised to inspect the Truck before the sale, the record reflects that Velocity did just that. Velocity provided a Record of Annual Inspection, dated October 14, 2022. *See* Dkt. 32-3 at 31.

Second, Rtree claims that Velocity represented that the Truck was not damaged more than 25 percent of its value at the time of the sale. *See* Dkt. 40 at 5. What Rtree does not explain is how that representation is untrue. The summary judgment evidence offered by Rtree demonstrates that the statement was truthful at the time of the sale because the only accidents or other occurrences involving the Truck took place *after* Rtree purchased the vehicle. *See* Dkt. 40-11.

Third, Rtree argues that Velocity provided an October 14, 2022 inspection report indicating that all the checked items were in "OK" condition at the time of the inspection. Dkt. 32-3 at 31. That inspection report stated that the Truck was inspected to meet the minimum requirements of "49 CFR PART 396, APPENDIX G." *Id.* Velocity concedes that it provided the inspection report to Rtree. But, as Velocity points out, there is zero evidence suggesting the inspection report was inaccurate. Even assuming that the Truck was, as Rtree claims, defective, the key question is when it first became defective. Velocity cannot be held liable for breaching an alleged warranty concerning the condition of the Truck at the time of sale if the Truck did not experience any defects until after Rtree drove it off Velocity's lot. The burden rests with Rtree to create a genuine issue of material fact that defects in the Truck existed at the time of purchase. Rtree has not done that.

10

Fourth, Rtree maintains that Velocity provided a "Vehicle History Report . . . that contains 'Problem Checks' on more than 60 different catagories [sic], with 'no problem found' on any of them." Dkt. 40 at 5. It is undisputed that the Vehicle History Report contains those representations. *See* Dkt. 40-4 at 5–6; Dkt. 40-5 at 1. Assuming the Vehicle History Report is a valid and enforceable express warranty, Rtree must introduce evidence showing that Velocity breached that warranty by supplying a vehicle that was defective on the date of sale. Once again, Rtree has failed to carry its burden to produce such evidence.

Fifth, Rtree argues that Velocity represented that the Truck had 602,792 miles on it at the time of sale when, in fact, the Truck's engine mileage allegedly differed from Velocity's representation. As before, Rtree offers no evidence to support its assertion that the Truck's mileage was not as Velocity represented it at the time of sale. As an aside, my understanding is that Rtree's contention is that the Truck had less than 602,792 miles on it at the time of sale. If true, it is hard to comprehend how Velocity selling Rtree the Truck with *less* miles on it than advertised could have proximately caused any injury to Rtree.

All in all, Rtree has failed to create a genuine issue of material fact on the breach element for an express warranty claim against Velocity. For that reason, Velocity is entitled to summary judgment on Rtree's express warranty claims.

**B.    SPECIFIC PERFORMANCE FOR BREACH OF CONTRACT AND WARRANTY**

Rtree asserts a "claim" for specific performance. "Specific performance is the remedy of requiring exact performance of a contract in the specific form in which it was made." *Levetz v. Sutton*, 404 S.W.3d 798, 805 (Tex. App.—Dallas 2013, pet. denied). This claim fails for two independent reasons.

First, it is well established under Texas law that "[s]pecific performance is not a separate cause of action." *Stafford v. S. Vanity Mag., Inc.*, 231 S.W.3d 530, 535 (Tex. App.—Dallas 2007, pet. denied). Rather, it "is an equitable remedy that may be awarded upon a showing of breach of contract." *Id*. Because I have

11

determined that Rtree cannot establish a breach of warranty claim, its claim for specific performance necessarily fails.[2]

Second, specific performance is unavailable as a remedy because Rtree no longer owns the Truck. "There was a foreclosure, and the [Truck] was returned back to the finance company." Dkt. 39 at 9; Dkt. 40 at 7. It would be impossible to require Velocity or DTNA to fix the Truck when Rtree no longer possesses it.

As an aside, Rtree argues that specific performance is simply an alternative claim aimed at recovering "the payments that it has made to [sic] for the repairs" to the Truck. *Id.* This reasoning evinces a fundamental misunderstanding of the specific performance remedy. "Specific performance is . . . an equitable remedy that is used as a *substitute* for monetary damages when such damages would not be adequate." *Maxey v. Maxey*, 617 S.W.3d 207, 225 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (emphasis added). By seeking monetary damages, Rtree acknowledges that specific performance is not an appropriate remedy.

C. **PROMISSORY ESTOPPEL**

Rtree also asserts a promissory estoppel claim against both Velocity and DTNA. "The requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). "The function of the doctrine of promissory estoppel is . . . defensive in that it estops a promisor from denying the enforceability of the promise." *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965). Thus, promissory estoppel applies only "to a promise outside a contract" and "is not applicable to a promise covered by a valid contract between the parties." *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 292 (Tex. App.—Tyler 2021, pet. denied).

Here, Rtree does not claim a promise independent of a contract. To the contrary, Rtree argues that the promise it seeks to enforce through its promissory

---

[2] "An express warranty . . . is a creature of contract." *Med. City Dall., Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 60 (Tex. 2008) (quotation omitted).

12

estoppel claim is the same promise contained in the Limited Warranties. *See* Dkt. 39 at 8, Dkt. 40 at 7 ("Rtree received the promise to cover the repairs as evidenced by the written warranty agreement."). This admission is fatal to Rtree's promissory estoppel claim. *See Est. of Rashti v. Bank of Am. Nat'l Ass'n*, 782 F. App'x 322, 327 (5th Cir. 2019) (affirming dismissal of promissory estoppel claim where the alleged promise was covered by a valid contract between the parties).

Rtree's contention that the promissory estoppel claim is brought "in the alternative" to its "warranty contract claim" holds zero weight. Dkt. 39 at 8–9; Dkt. 40 at 7. "It is axiomatic in all jurisdictions that promissory estoppel is not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove breach of contract." *LHC Nashua P'ship v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 457 n.6 (5th Cir. 2011) (citation modified). For these reasons, I recommend summary judgment be granted in favor of Velocity and DTNA on Rtree's promissory estoppel claim.

**D.    IMPLIED WARRANTY CLAIMS**

Rtree also brings claims for breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose. It is unclear from the operative complaint whether the implied warranty claims are brought against both Velocity and DTNA. Regardless, these claims fail as a matter of law because all implied warranties have been disclaimed.

Texas law allows sellers of goods to disclaim the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. *See* Tex. Bus. & Com. Code § 2.316(b). To effectively disclaim the implied warranty of merchantability, the disclaimer "must mention merchantability and in case of a writing must be conspicuous." *See id.* A disclaimer for the implied warranty of fitness for a particular purpose "must be by a writing and conspicuous." *Id.* Whether the disclaimer is "conspicuous" is a question of law. *Id.* at § 1.201(b)(10). A writing is conspicuous when "a reasonable person . . . ought to have noticed it." *Id.* "Applying this standard, courts have found that disclaimers in bold or

13

capital letters, setting such disclaimer apart from the surrounding text, were sufficiently conspicuous to make the disclaimer valid." *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 853 (S.D. Tex. 2018) (collecting cases).

The summary judgment evidence establishes that all implied warranties have been disclaimed. The Limited Warranties all contain the same disclaimer:

> THIS WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES OF ANY KIND WHETHER WRITTEN, ORAL, OR IMPLIED INCLUDING, BUT NOT LIMITED TO ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. THIS WARRANTY SPECIFICALLY EXCLUDES THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AND ANY OTHER WARRANTIES OR CONDITIONS PROVIDED FOR BY LAW, WHETHER STATUTORY OR OTHERWISE. THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE WRITTEN DESCRIPTION ON THIS DOCUMENT.

Dkt. 32-3 at 4, 9, 15, and 18.

This language, which specifically disclaims the implied warranties of merchantability and fitness for a particular purpose, is sufficiently conspicuous to effectively disclaim all implied warranties in the sale of the Truck. *See* Tex. Bus. & Com. Code § 2.316(b). It is telling that Rtree does not even bother to respond to Velocity's argument that the implied warranties of merchantability and fitness for a particular purpose have been disclaimed. Accordingly, the summary judgment motions should be granted as to Rtree's implied warranty claims.

**E.    FRAUD**

Rtree also brings fraud claims against both DTNA and Velocity. "The elements of fraud are a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990).

**1.    *DTNA***

It is undisputed that DTNA did not make any oral representations to Rtree in connection with the sale of the Truck. *See* Dkt. 30-17 at 9 (Rtree's corporate representative acknowledging that he never spoke with anyone at DTNA before

purchasing the Truck). Nonetheless, Rtree maintains that a fraud action against DTNA is sustainable because "[t]he warranty agreement itself was an [sic] false representation because DTNA sold the warranty with no intent to provide warranty." Dkt. 39 at 9.

A promise of future performance is actionable fraud "if the promise was made with no intention of performing at the time it was made." *Formosa Plastics Corp. USA v Presidio Eng'rs and Contractors*, 960 S.W.2d 41, 48 (Tex. 1998). "However, the mere failure to perform a contract is not evidence of fraud." *Id.*; *see also Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 597 (Tex. 1992) ("[A] party's failure to perform a contract, standing alone, is no evidence of that party's intent not to perform at the time the contract was made."). To survive summary judgment on its fraud claim against DTNA, Rtree must present sufficient evidence to create a genuine issue of material fact that DTNA "never intended to perform under the contract." *Kevin M. Ehringer Enters. v McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011). Even assuming DTNA breached the Limited Warranties (which it did not), Rtree has presented no evidence that DTNA "made representations with the intent to deceive and with no intention of performing as represented." *Formosa Plastics*, 960 S.W.2d at 48. DTNA is entitled to summary judgment on Rtree's fraud claim.[3]

### 2. *Velocity*

Rtree's fraud claim against Velocity also fails because Rtree cannot create a genuine issue of material fact that Velocity made a single false representation.

In its summary judgment response, Rtree claims that the same alleged representations made by Velocity about the Truck that form the basis of its express

---

[3] In its summary judgment responses, Rtree states that it is entitled to relief under the Texas Deceptive Trade Practices Act ("DTPA"). *See* Dkt. 39 at 10. Given that the operative complaint contains no DTPA claim, I assume this is simply a typographical error. If, however, Rtree is attempting to assert a DTPA claim at this late date, I will not allow it to do so. "[I]t is wholly inappropriate to use a response to a [dispositive motion] to essentially raise a new claim for the first time." *Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-cv-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018).

warranty claims also form the basis of its fraud claims. As explained above, the express warranty claims cannot survive summary judgment because Rtree has not presented any evidence that Velocity breached those alleged warranties. Similarly, Rtree has not offered any evidence that the alleged statements made by Velocity were false when made.

As far as I can tell, Rtree makes one standalone fraud claim, asserting that "Velocity misrepresented to Rtree that it was the owner of the Truck." Dkt. 40 at 6. Velocity did represent that it was the seller of the Truck. *See* Dkt. 32-3 at 21. Velocity also represented that it was the "Selling Dealer." *Id.* at 3. A "Seller" is "a person who sells or contracts to sell goods." Tex. Bus. & Com. Code § 2.103(a)(4). The record contains no evidence that Velocity ever misrepresented itself as the owner of the Truck. As such, Rtree's fraud claim fails because Rtree has not identified an actionable misrepresentation.

## CONCLUSION

For the reasons discussed above, I recommend that DTNA's and Velocity's summary judgment motions be granted and judgment entered in their favor.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 29th day of July 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE